Argued and submitted July 1, reversed October 28, 1986

# SHETTERLY, IRICK & SHETTERLY,
*Respondent on review,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent on review,*

*and*

# KEITH,
*Petitioner on review.*

(84-AB-1319; CA A33476; SC S 32662)

727 P2d 117

James L. Edmunson, Eugene, argued the cause for petitioner on review. With him on the petition and memorandum was Malagon & Moore, Eugene.

Richard Wasserman, Assistant Attorney General, Salem, argued the cause for respondent on review Employment Division. With him on the memorandum was David Frohnmayer, Attorney General, Salem, and James E. Mountain, Jr., Solicitor General, Salem.

Stephen F. Mannenbach, Dallas, waived appearance for respondent on review Shetterly, Irick & Shetterly.

GILLETTE, J.

## GILLETTE, J.

This case presents the question whether the Court of Appeals has the statutory authority to award costs against a private party in a contested case arising under Oregon's Administrative Procedures Act (APA). We hold that it does not and, therefore, reverse that court's order awarding costs in this case.

Claimant, petitioner in this appeal, worked as a law clerk for the law firm of Shetterly, Irick & Shetterly (employer). After his employment ended, he applied for unemployment benefits. An Employment Division referee determined that claimant was entitled to unemployment benefits, and the Employment Appeals Board (EAB) affirmed. The employer petitioned for judicial review in the Court of Appeals, naming the Employment Division and claimant as respondents. The Employment Division waived appearance and claimant filed a brief on his own behalf. On review, the Court of Appeals reversed and remanded on the ground that the referee's conclusions lacked supporting factual findings. *Shetterly, Irick & Shetterly v. Emp. Div.*, 76 Or App 547, 709 P2d 766 (1985). The employer subsequently filed a motion requesting attorney fees, costs and disbursements. The Court of Appeals issued the following order:

"The Court determines that respondent Employment Division did not act without a reasonable basis in fact or law in this case, and therefore denies petitioner's claim for attorney fees under ORS 183.497. Further, in the exercise of its discretion, the Court declines to award costs or attorney fees under ORS 183.495.

"Petitioner is allowed costs and disbursements in the amount of $225, payable by respondent Brian M. Keith. ORS 20.120."

Under ORS 657.282, judicial review of EAB's final orders "shall be as provided for review of orders in contested cases in ORS 183.310 to 183.550 * * *." *Former* ORS 183.495 and 183.497, in effect at the time this case was before the Court of Appeals,[1] authorized awards of attorney fees, costs

---

[1] Prior to 1985, *former* ORS 183.495 provided:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including

and disbursements against a state agency, but did not address the possibility of awarding costs against a private party to the contested case. In this case, the Court of Appeals ordered claimant to pay the employer's costs and disbursements pursuant to ORS 20.120, which provides:

> "When the decision of an officer, tribunal, or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs or disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly."

The issue is whether, on judicial review of a final order in a contested case governed by the APA, ORS 183.495 and 183.497 provided the exclusive authority for awarding costs in favor of the prevailing party. Respondent Employment Division argues that ORS 183.495 and 183.497 applied only to the award of costs against a state agency. Because the legislature did not expressly prohibit such awards against a private party, the Employment Division argues, ORS 20.120 applies to authorize such awards against private parties. We find that the statutes are ambiguous on this point and turn to the legislative history for clarification. *See Sager v.*

---

reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

*Former* ORS 183.497(1) provided:

> "Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law."

In 1985, ORS 183.495 was repealed and ORS 183.497(1) was amended to read as follows:

> "In a judicial proceeding designated under subsection (2) of this section the court:

> "(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

> "(b) Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust."

Oregon Laws 1985, chapter 757, sections 5, 7. The effect of the amendment is to consolidate and clarify the two statutes. The amendment does not affect the holding in this case.

*McClenden,* 296 Or 33, 37, 672 P2d 697 (1983); *Davis v. Wasco Intermediate Ed Dist,* 286 Or 261, 267, 593 P2d 1152 (1979).

ORS 183.497 was enacted in 1981. Or Laws 1981, ch 871, § 1. However, the bill was first introduced during the 1979 legislative session as Senate Bill 774. After the Senate passed SB 774, the House amended the bill to allow attorney fees, costs and disbursements to be recovered against private parties as well as state agencies. The purpose of the amendment was to deter private parties from initiating frivolous or bad faith judicial proceedings against state agencies. The House passed SB 774 as amended, but the Senate refused to concur in the amendments.

The original bill, without the 1979 House amendments, was reintroduced during the 1981 session as Senate Bill 452. Senator Powell, who had sponsored SB 774 in 1979, testified in favor of SB 452. Powell had objected to the 1979 House amendments to SB 774 because he did not believe that costs should be recovered against private citizens in such proceedings. Minutes, Senate Committee on Justice, May 6, 1981, p 7. The legislature subsequently enacted SB 452 without the amendments proposed by the House in 1979.

The history of SB 774 and SB 452 demonstrates that the legislature considered whether to authorize the recovery of costs against a private party in a proceeding against a state agency. The legislature decided not to do so, even when the private party initiated the proceeding frivolously or in bad faith. Although ORS 20.120 was not discussed, application of that statute clearly would defeat the intention of the legislature. We hold, therefore, that ORS 20.120 does not apply to judicial review of a final order in a contested case governed by the APA. The Court of Appeals erred in ordering claimant to pay costs under ORS 20.120.

Order awarding costs reversed.