On petition for reconsideration filed November 13, 1986, of Supreme Court's order allowing costs and disbursements October 28, petition for reconsideration allowed, order allowing costs against claimant affirmed December 16, 1986

In the Matter of the Compensation of
Ralph W. Compton, Claimant.

COMPTON,
*Petitioner on review,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent on review.*

(WCB 83-10404; CA A34686; SC S32596)

730 P2d 540

James L. Edmunson, of Malagon & Moore, Eugene, filed the petition for reconsideration for petitioner on review.

No appearance contra.

MEMORANDUM OPINION

## MEMORANDUM OPINION

Petitioner, the claimant before the Workers' Compensation Board, was charged with costs after this court's decision reviewing his workers' compensation claim in which the insurer prevailed. *Compton v. Weyerhaeuser,* 301 Or 641, 724 P2d 814 (1986). He petitions for reconsideration from an order of this court, entered October 28, 1986, awarding costs against him. Petitioner relies on *Shetterly v. Employment Division,* 302 Or 139, 727 P2d 117 (1986), decided October 28, 1986, and interprets it to mean that the Administrative Procedures Act (APA) limitation on costs and attorney fees controls not only Employment Division cases but also cases from the Workers' Compensation Department. We allow the petition for reconsideration and affirm the order of costs.

■      Costs, like attorney fees, are not recoverable in the absence of a statute or contractual provision authorizing the award. *See Lewis v. Department of Revenue,* 294 Or 139, 653 P2d 1265 (1982). Any entitlement to costs must be found in, and is limited by, statute. *State Highway Com. v. Efem Whse. Co.,* 207 Or 237, 242, 295 P2d 1101 (1956). In *Shetterly* this court held that neither ORS 183.497, a provision of the APA, nor ORS 20.120, a much older statute, authorized costs against a private party in Employment Division cases. *Shetterly* reviewed the history of ORS 183.497 and found that the legislature considered and rejected allowing costs against a private party in state agency litigation.

■      ORS 183.497 authorizes costs against a "state agency" for judicial review of agency actions when such review occurs "as provided in" the Administrative Procedures Act. ORS 183.497(2).[1] This section is of relatively recent origin. It

---

[1] ORS 183.497 provides in full:

"(1) In a judicial proceeding designated under subsection (2) of this section the court:

"(a) May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner.

"(b) Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law * * *.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as

was enacted in 1981, Or Laws 1981, ch 873, to elaborate on a more general costs and attorney fees statute, ORS 183.495, which appeared in the APA between 1975 and 1985. *Enacted by* Or Laws 1975, ch 759, § 16a, *repealed by* Or Laws 1985, ch 757, § 7.[2] This court has interpreted the statutory standard for when costs may be awarded against an agency, first with regard to ORS 183.495, *Cook v. Employment Division,* 293 Or 1, 643 P2d 1271 (1982), and later with reference to an earlier version of ORS 183.497, *1000 Friends v. LCDC,* 293 Or 440, 649 P2d 592 (1982). Not until *Shetterly* has this court addressed to whom costs may be awarded.

Of importance in the present case is the requirement, found in ORS 183.497(2)(a)-(c), that judicial review of the agency action must occur "as provided in" enumerated provisions of the APA. This requirement distinquishes Employment Division cases from workers' compensation cases and confirms the propriety of both the denial of costs in *Shetterly* and the award of costs in *Compton.*

By the terms of the Employment Division enabling act, judicial review of Employment Appeals Board final orders is as provided in the APA. ORS 657.282. In contrast, judicial review of actions of the Workers' Compensation Board is as provided in the workers' compensation statutes, not the APA. ORS 656.298. Cases on review from the Workers' Compensation Board do not meet the requirement of subsection (2) of ORS 183.497 that judicial review of the agency action occur "as provided in" the APA.

---

defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3) Amounts allowed under this section for reasonable attorney fees and costs shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court."

[2] ORS 183.495 provided:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

*Shetterly* held effectively that ORS 183.497 superseded ORS 20.120 with regard to the cases within the purview of ORS 183.497. However, ORS 20.120 still controls cases not subject to the APA costs limitation. *Compton* is such a case.

ORS 20.120, a version of which first appeared in the General Laws of Oregon § 554, p 226 (Deady & Lane 1843 - 1872), provides the statutory authorization for "costs or disbursements" on review of decisions of a "tribunal."[3] Before the APA costs provision existed, the Court of Appeals relied on this statute to uphold an award of costs by the circuit court in an appeal from the Workers' Compensation Board. *Cunningham v. State Compensation Department,* 1 Or App 127, 459 P2d 892 (1969).[4] The later enactment of the APA costs provision, which does not apply to review of workers' compensation cases, does not change this.

Petition for reconsideration allowed. Order allowing costs against the claimant affirmed.

---

[3] ORS 20.120 provides:

"When the decision of an officer, tribunal, or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs or disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly."

[4] The workers' compensation statutes provide for attorney fees but not costs. ORS 656.382 to 656.388.