On petitioner's objection to respondent's cost bill filed November 19, 1987, objection to cost bill denied and costs allowed February 10, reconsideration denied March 4, petition for review allowed April 5, 1988 (305 Or 467)

In the Matter of the Compensation of
Cherryl Ann Fromme, Claimant.

## FROMME,
*Petitioner,*

*v.*

## FRED MEYER, INC. et al,
*Respondents.*

(WCB 85-10042; CA A42360)

749 P2d 590

David C. Force, Eugene, for petitioner.

Deborah L. Sather and Moscato & Byerly, Portland, for respondents.

Before Warden, Presiding Judge, and Warren and Deits, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this workers' compensation case, claimant objects to the cost bill filed by employer. On the merits, we affirmed without issuing an opinion. *Fromme v. Fred Meyer, Inc.,* 88 Or App 306, 744 P2d 1336 (1987). We deny the objection and allow costs to employer in the amount of $217.

In *Compton v. Weyerhaeuser Co.,* 302 Or 366, 730 P2d 540 (1986), the court held that costs on judicial review may be assessed against a claimant in a workers' compensation case. The legislature subsequently enacted Or Laws 1987, ch 250, § 4, which amended ORS 656.236(2) by adding the emphasized language, ostensibly to overrule *Compton:*[1]

> "[N]one of the cost of workers' compensation to employers under ORS 656.001 to 656.794, *or in the court review of any claim therefor,* shall be charged to a subject worker." (Emphasis supplied.)

Claimant relies on the amendment in contending that we lack authority to assess costs against her. However, the effective date of Or Laws 1987, ch 250, § 4, was September 27, 1987, and the petition for review in this case was filed in December, 1986. We must decide, therefore, whether the 1987 amendment is to be applied retroactively or only prospectively.

The intent of the legislature governs whether a legislative provision should be given retroactive effect. *Whipple v. Howser,* 291 Or 475, 480, 632 P2d 782 (1981). "Rules" of statutory construction are to be applied in the interpretation of statutes only when the legislative intent has not been expressed. *Whipple v. Howser, supra,* 291 Or at 487 n 6; *see Perkins v. Willamette Industries,* 273 Or 566, 570-71, 542 P2d 473 (1975). Those rules, including the rule concerning the distinction between "procedural" and "substantive" law,[2] are

---

[1] We say "ostensibly," because it is not clear that the word "cost" in ORS 656.236(2) means the same thing as "costs" as used in legal terminology. However, because we decide that the 1987 amendment to ORS 656.236(2) applies only prospectively from its effective date, we need not reach the issue of whether it actually overrules *Compton v. Weyerhaeuser Co., supra.* We note, however, if "cost" in ORS 656.236(2) means "costs," it meant that before *Compton* and, therefore, that case was wrongly decided. In that event, the 1987 amendment is meaningless.

[2] "Procedural" law prescribes the method of enforcing a right or obtaining a remedy for its invasion; "substantive" law creates, defines and regulates rights. *Long v. Storms,* 52 Or App 685, 687, 629 P2d 827 (1981). Procedural statutes are generally applied retroactively; substantive statutes are generally applied only prospectively. *See Perkins v. Willamette Industries, supra,* 273 Or at 570-71.

not conclusive but only serve as guides to interpreting statutes. *Perkins v. Willamette Industries, supra,* 273 Or at 571.

■ The legislature did not express whether it intended the 1987 amendment to apply retroactively. The legislature did not specify to which cases the amendment is applicable, and it specified no effective date. The amendment ostensibly affects a substantive change in the prior law by depriving employers of the right to be awarded costs and by protecting claimants from having costs assessed against them. *See* n 1, *supra.* The procedural-substantive distinction, *see* n 2, *supra,* suggests that the amendment be applied only prospectively. Furthermore, we believe that the legislature, in enacting so substantial a change in the law, would have made its intention known, if it had intended the change to apply retroactively.[3] *See Perkins v. Willamette Industries, supra,* 273 Or at 571. We accordingly conclude that the legislature intended Or Laws 1987, ch 250, § 4, to apply prospectively from its effective date, September 27, 1987. It follows that the rule in *Compton v. Weyerhaeuser Co., supra,* governs this case, and employer is entitled to an award of costs.

Objection to cost bill is denied. Costs allowed in the amount of $217.

---

[3] We also note that, had the legislature intended any sort of immediate effect, it would have attached an emergency clause instead of letting the statute come into effect only after 90 days after adjournment.