Argued and submitted April 1, affirmed June 15, 1988

In the Matter of the Compensation of
M. Rae Hanna, Claimant.
HANNA,
*Petitioner,*

*v.*

FAIRVIEW HOSPITAL et al,
*Respondents.*

(WCB 86-05727; CA A45886)

756 P2d 42

Peter McSwain, Portland, argued the cause for petitioner. On the brief were James L. Francesconi and Francesconi & Associates, P.C., Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

`

## BUTTLER, P. J.

On claimant's petition for review in this workers' compensation case, we conclude that the Board's opinion is supported by substantial evidence on the whole record; therefore we affirm. *George v. Richard's Food Center,* 90 Or App 639, 752 P2d 1309 (1988).

In *Fromme v. Fred Meyer, Inc.,* 89 Or App 397, 749 P2d 590, *rev allowed* 305 Or 467 (1988), we held that the legislature's 1987 amendment of ORS 656.236(2), Or Laws 1987, ch 250, § 4, is not retroactive and does not apply to cases filed in the Court of Appeals before September 27, 1987. The petition in this case was filed on September 29, 1987. The question we now consider is the substantive import of the amendment and whether it has the effect of overruling the Supreme Court's holding in *Compton v. Weyerhaeuser Co.,* 302 Or 366, 730 P2d 540 (1986), that costs on judicial review may be assessed against a claimant in a workers' compensation case pursuant to ORS 20.120.[1]

The legislature amended ORS 656.236(2) by adding the emphasized language:

"Except as provided in ORS 656.506 and 656.538, none of the cost of workers' compensation to employers under ORS 656.001 to 656.794, *or in the court review of any claim therefor,* shall be charged to a subject worker." (Emphasis supplied.)

In *Fromme* we posed, but did not answer, the question whether the word "cost" in ORS 656.236(2), as amended, means the same thing as "costs" as used in ORS 20.120. We now address that issue in deciding whether the amendment has the effect of superseding ORS 20.120 in workers' compensation cases, thereby overruling *Compton.*

ORS 656.236(2) excludes payments made under ORS 656.506 and ORS 656.538 from the rule that the cost of workers' compensation cannot be charged against the worker. Those sections deal with assessments against employers and

---

[1] ORS 20.120 provides:

"When the decision of an officer, tribunal, or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs or disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly."

workers for the Retroactive Reserve, the Workers' Reemployment Reserve and the Handicapped Workers' Reserve. Contributions made under those provisions are considered to be part of the "cost of workers' compensation," which suggests that the "cost of workers' compensation" means the cost of funding workers' compensation benefits or of securing workers' compensation coverage for employes. An employer would be prohibited, for example, from charging to any worker the premiums paid for workers' compensation insurance.

The legislature's addition of the phrase "or in the court review of any claim therefor" in ORS 656.236(2) creates confusion. The employer incurs no cost of funding workers' compensation benefits or securing workers' compensation coverage in the court review of a workers' compensation claim. The only "cost" is the legal expense associated with defending against the claim. In the context of the added language, the statute makes sense only if, in addition to the meaning previously discussed, the "cost of workers' compensation to employers" is also read to mean the "legal costs on court review of a claim for workers' compensation." We should attempt to give the new language a reasonable meaning rather than no meaning at all. *See 1000 Friends of Oregon v. Wasco County Court,* 299 Or 344, 358, 703 P2d 207 (1985); *Burt v. Blumenauer,* 84 Or App 144, 147, 733 P2d 462, *rev den* 304 Or 405 (1987). Inserting the new language purporting to deal with costs in a judicial review in ORS 656.236 creates a patent ambiguity, requiring resort to the legislative history to determine what the legislature intended.

The legislative minutes leave no doubt that the amendment was intended to overrule *Compton v. Weyerhaeuser Co., supra,* by providing that no court costs shall be charged to a worker in the court review of any claim. Minutes, Senate Committee on Labor, May 13, 1987, p 7; Minutes, House Committee on Labor, April 3, 1987, p 2. Accordingly, we conclude that the word "cost" in ORS 656.236, as amended by Or Laws 1987, ch 250, § 4, has two meanings, depending on the context in which it is used in the statute, and that the amended statute requires that no costs be assessed against a claimant in judicial review of a workers' compensation case. Given that meaning, the amended statute supersedes ORS 20.120, just as the APA provision, ORS 183.497, supersedes it when judicial review is sought under the

APA. *See Shetterly, Irick & Shetterly v. Emp. Div.*, 302 Or 139, 727 P2d 117 (1986). Because the petition for review in this case was filed after the effective date of the amendment, no costs may be assessed against claimant.

Affirmed.