Argued and submitted May 3, order of the Court of Appeals allowing costs reversed
September 20, 1988

In the Matter of the Compensation of
Cherryl Ann Fromme, Claimant.

FROMME,
*Petitioner on Review,*

*v.*

FRED MEYER, INC., et al,
*Respondents on Review.*

(WCB 85-10042; CA A42360; SC S34944)

761 P2d 515

David C. Force, Eugene, argued the cause and filed the petition for review.

Deborah L. Sather, Portland, argued the cause and filed a response to petitioner's petition for review. With her on the response was Moscato & Byerly, Portland.

CAMPBELL, J.

## CAMPBELL, J.

In 1987, the legislature amended ORS 656.236(2) to prohibit charging workers' compensation claimants with costs on judicial review. The law in effect before the 1987 amendment allowed employers to recover court costs from claimants. The principal issue is which law applies in this case, where judicial review was pending on the effective date of the 1987 amendment. We hold that the 1987 amendment applies and that the Court of Appeals erred in charging costs to the claimant.

The claimant petitioned for judicial review of an order of the Workers' Compensation Board on December 5, 1986. At that time, employers could recover court costs from workers who were unsuccessful on judicial review. ORS 20.120;[1] *Compton v. Weyerhaeuser,* 302 Or 366, 730 P2d 540 (1986). While the Court of Appeals' decision in this case was pending, the legislature amended ORS 656.236(2) to overrule *Compton* and prohibit assessing court costs against workers. Or Laws 1987, ch 250, § 4 (the 1987 amendment). ORS 656.236(2) now provides:

"Except as provided in ORS 656.506 [Assessments for retroactive reserve and workers' reemployment reserve] and ORS 656.538 [Assessment for handicapped workers reserve and workers' reemployment reserve], none of the cost of workers' compensation to employers under ORS 656.001 to 656.794 [the Workers' Compensation Law], *or in the court review of any claim therefor,* shall be charged to a subject worker." (Emphasis added.)

The 1987 amendment added the italicized portion of the statute. Its effective date is September 27, 1987. *See* Or Const, Art IV, § 28.

On November 12, 1987, the Court of Appeals affirmed the board's decision and ordered the claimant to pay her employer's court costs on appeal. *Fromme v. Fred Meyer, Inc.,* 88 Or App 306, 744 P2d 1336 (1987). The claimant objected to

---

[1] ORS 20.120 provides:

"When the decision of an officer, tribunal, or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs or disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly."

the cost bill on the ground that it violated ORS 656.236(2) as amended in 1987. She also raised a constitutional claim which we do not reach. The Court of Appeals concluded that the 1987 amendment did not apply because this appeal was pending when the 1987 amendment became law. Accordingly, the court applied the law in effect before the 1987 amendment and overruled the claimant's objection to the cost bill. *Fromme v. Fred Meyer, Inc.,* 89 Or App 397, 749 P2d 590 (1988). The claimant seeks review of the order overruling her objection to the cost bill and allowing costs. She does not contest the Court of Appeals' decision on the merits of her claim.

Whether new law applies to pending cases is a question of legislative intent. *E.g., Whipple v. Howser,* 291 Or 475, 480, 632 P2d 782 (1981). The 1987 legislature was silent on which cases it intended the 1987 amendment to govern. Rules of statutory construction led the Court of Appeals to conclude that the 1987 amendment should not be applied retroactively. The court then held that applying the 1987 amendment to this case would amount to retroactive application of the 1987 amendment. *Fromme v. Fred Meyer, Inc., supra,* 89 Or App at 400.

Although the question has not been addressed in Oregon, the American Law Reports states:

> "It is well settled that the question whether costs may be allowed in an action or suit * * * is governed by the law as it exists at the time of the judgment which terminates the action or suit, rather than by the law as it existed at the time when the action or suit was commenced." 96 ALR 1428 (1935); *see also id.* at 1434 (discussing court costs on appeal).

The American Law Reports rule is consistent with Oregon law regarding the application of new legislation.

As a general rule, the court construes legislation to operate prospectively unless it appears that the legislature intended to enact retroactive legislation. *E.g., Mahana v. Miller,* 281 Or 77, 80, 573 P2d 1238 (1978). The parties agree with the Court of Appeals that the legislature did not express an intent to have the legislation apply retroactively. We agree and hold that the 1987 amendment applies prospectively.

Retroactive legislation affects prior transactions or existing legal rights and obligations, not necessarily pending

actions. *See generally* 2 Singer, Sutherland Statutory Construction 337, § 41.01 (4th ed 1986). Therefore, when a prospective application is called for, the court applies the legislation in a manner which does not affect legal rights and obligations arising out of past actions or occurrences. *Joseph v. Lowery,* 261 Or 545, 549, 495 P2d 273 (1972); *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 343, 367 P2d 436 (1961). *Cf. Mahana v. Miller, supra,* 281 Or at 80-81 (defining prospective application of "remedial" statutes).

The narrow issue in this case is whether the action or occurrence that would trigger the right to recover costs is commencing an appeal or prevailing on appeal. No right to recover court costs can exist until the party prevails. ORS 20.310(1). Therefore the action or occurrence that would trigger the right to recover court costs is prevailing on appeal, not commencing the appeal as the Court of Appeals concluded.

Until the Court of Appeals issued its decision in this case on November 12, 1987, there was no prevailing party. Applying the 1987 amendment to this case will not affect legal rights and obligations arising out of actions which occurred before the effective date of the 1987 amendment. *See Joseph v. Lowery, supra,* 261 Or at 549; *see also Pearl v. Harrington,* Brayt. 48 (1820) ("a party has no vested right in the bill of costs until after recovery in the suit, so that this circumstance does not give the act a retroactive operation"). We hold that the 1987 amendment, applied prospectively, prohibits ordering the claimant in this case to pay her employer's court costs.

The decision of the Court of Appeals awarding costs to the employer is reversed.