Argued and submitted May 3, order of the Court of Appeals allowing costs affirmed
September 20, 1988

In the Matter of the Compensation of
Richard C. Larsen, Claimant.

### LARSEN,
*Petitioner on Review,*

*v.*

### OSMOSE WOOD PRESERVING et al,
*Respondents on Review.*

### (WCB 85-15043; CA A42397; SC S34792)

762 P2d 289

James L. Edmunson, Eugene, argued the cause and filed the petition for review. With him on the petition were Karen M. Werner and Malagon & Moore, Eugene.

Ridgway K. Foley, Jr., P.C., Portland, argued the cause and filed a response to the petition for review. With him on the response was Schwabe, Williamson & Wyatt, Portland.

CAMPBELL, J.

## CAMPBELL, J.

A 1987 amendment to ORS 656.236(2) prohibits charging workers' compensation claimants with court costs on judicial review. The issue is whether the amendment applies in this case, where the Court of Appeals decided the merits of the claim before the effective date of the amendment. We hold that the amendment does not apply and affirm the Court of Appeals' order allowing costs.

Before the legislature amended ORS 656.236(2), the court had authority pursuant to ORS 20.120 to assess court costs against workers' compensation claimants who were unsuccessful on judicial review. *Compton v. Weyerhaeuser,* 302 Or 366, 730 P2d 540 (1986). The 1987 legislature amended ORS 656.236(2) to read:

> "* * * none of the cost of workers' compensation to employers under ORS 656.001 to 656.794 [the Workers' Compensation Law], *or in the court review of any claim therefor,* shall be charged to a subject worker." (Emphasis added.)

The amendment added the italicized portion of the statute. Or Laws 1987, ch 250, § 4. The effective date of the amendment is September 27, 1987. *See* Or Const, Art IV, § 28.

In late 1986, the claimant petitioned for judicial review of an order of the Workers' Compensation Board. The Court of Appeals affirmed the board's decision on September 23, 1987, four days before the effective date of the amendment to ORS 656.236(2). *Larsen v. Osmose Wood Preserving,* 87 Or App 552, 742 P2d 1202 (1987). Osmose submitted its cost bill the next day. The claimant objected on the ground that an order awarding costs would violate ORS 656.236(2). On October 30, 1987, the Court of Appeals issued an order allowing the employer's cost bill. The claimant petitioned for judicial review of that order.[1] He does not seek review of the decision on the merits of his claim.

In *Fromme v. Fred Meyer, Inc.,* 306 Or 558, 761 P2d

---

[1] We initially denied the petition for review in this case. *Larsen v. Osmose Wood Preserving,* 305 Or 273, 752 P2d 1219 (1988). In light of our decision to allow the petition for review in *Fromme v. Fred Meyer, Inc.,* 305 Or 467, 753 P2d 1381 (1988), we allowed the claimant's petition for reconsideration on April 5, 1988.

515 (1988), also decided today, we held that the 1987 amendment to ORS 656.236(2) applies prospectively to forbid awarding court costs in that case because the right to recover court costs arose after the amendment's effective date of September 27, 1987. Applying the amendment to appeals which were still pending as of September 27, 1987, would not affect existing rights and obligations and therefore would not constitute a retroactive application. We reversed the order allowing costs because the Court of Appeals did not determine the prevailing party, and therefore no right to recover court costs existed, until after the effective date of the amendment. *Fromme v. Fred Meyer, Inc., supra,* 306 Or at 562.

The Court of Appeals determined the prevailing party in this case before the effective date of the amendment. Although the cost bill was allowed after the amendment became law, *Fromme v. Fred Meyer, Inc., supra,* held that the application of the amendment depends on when the right to recover costs arises rather than the date the cost bill is allowed. The right to recover court costs in this case arose before the effective date of the amendment. Applying the amendment in this case would amount to a retroactive application. *Id.* at 562. Because the legislature did not express an intent to have the amendment operate retroactively, we apply the law which was in effect before ORS 656.236(2) was amended.

*Compton v. Weyerhaeuser, supra,* interpreted the law in effect prior to the amendment to ORS 656.236(2) and held that employers could recover court costs pursuant to ORS 20.120. 302 Or at 369. We hold that the *Compton* decision is controlling and the employer has the right to recover court costs from the claimant. ORS 20.120; *Compton v. Weyerhaeuser, supra,* 302 Or at 369.

The order of the Court of Appeals allowing costs is affirmed.