Argued and submitted May 3, the decision of the Court of Appeals allowing costs
reversed September 20, 1988

In the Matter of the Compensation of
Sammy W. Barton, Claimant.

BARTON,
*Petitioner on Review,*

*v.*

SAIF CORPORATION et al,
*Respondents on Review.*

(WCB 85-06533, 85-06534; CA A42641; SC S34743)

761 P2d 518

James L. Edmunson argued the cause and filed the petition for petitioner on review. With him on the petition was Karen M. Werner and Malagon & Moore, Eugene.

Michael Reynolds, Jr., Assistant Attorney General, Salem, argued the cause for respondents on review.

PER CURIAM

## PER CURIAM

The 1987 legislature enacted an amendment to ORS 656.236(2) that prohibits assessing court costs against workers' compensation claimants. This case was pending on the effective date of the amendment. The issue is whether the amendment applies. We hold that it does.

Before 1987, employers could recover court costs from workers who unsuccessfully appealed workers' compensation claims. ORS 20.120; *Compton v. Weyerhaeuser,* 302 Or 366, 730 P2d 540 (1986). In 1987, the legislature amended ORS 656.236(2) to prohibit charging workers with court costs on judicial review. ORS 656.236(2) now provides:

"Except as provided in ORS 656.506 [Assessments for retroactive reserve and workers' reemployment reserve] and ORS 656.538 [Assessment for handicapped workers reserve and workers' reemployment reserve], none of the cost of workers' compensation to employers under ORS 656.001 to 656.794 [the Workers' Compensation Law], *or in the court review of any claim therefor,* shall be charged to a subject worker." (Emphasis added.)

The 1987 amendment added the italicized portion of the statute. Or Laws 1987, ch 250, § 4. The effective date is September 27, 1987. *See* Or Const, Art IV, § 28.

On January 5, 1987, the claimant appealed from an order of the Workers' Compensation Board. On November 12, 1987, the Court of Appeals affirmed the decision of the Board and ordered the claimant to pay the employer's court costs. *Barton v. SAIF,* 88 Or App 306, 744 P2d 1336 (1987). The claimant objected on the ground that ORS 656.236(2) prohibits the cost award. The Court of Appeals overruled his objection.

*Fromme v. Fred Meyer Inc.,* 306 Or 558, 761 P2d 515 (1988), also decided today, holds that the amendment to ORS 656.236(2) is to be given a prospective application, which means that it must be applied "in a manner which does not affect legal rights and obligations arising out of past actions or occurrences." 306 Or at 562. The "action or occurrence" that triggers the right to recover court costs is prevailing on appeal. Because the Court of Appeals in *Fromme* determined the prevailing party after the effective date of the amendment, applying the amendment did not affect pre-existing rights in that

case. Accordingly, we applied the amendment and reversed the order allowing costs. *Id.* at 562.

Like *Fromme, supra,* this case was decided on the merits after the effective date of the 1987 amendment. The decision in *Fromme* is controlling and the 1987 amendment to ORS 656.236(2) applies to bar the cost award in this case.

The decision of the Court of Appeals awarding costs to the employer is reversed.