Argued and submitted July 11, affirmed September 27, 2000

George B. ADAMS, M. D.,
License No. MD105855,
*Petitioner,*

*v.*

BOARD OF MEDICAL EXAMINERS,
*Respondent.*

(CA A108056)

11 P3d 676

David C. Landis argued the cause and filed the brief for petitioner.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

In this physician disciplinary proceeding, petitioner seeks review of the Board of Medical Examiners' (Board) order reprimanding and suspending him from the practice of medicine for one year,[1] imposing a $2,500 penalty, and assessing him $8,983.85 "for the costs of the disciplinary proceedings." We affirm.

All of petitioner's arguments pertain to the Board's assessment of costs. That assessment was made pursuant to ORS 677.205(2)(f), which provides:

"(2)  In disciplining a licensee as authorized by subsection (1) of this section, the board may use any or all of the following methods:

"* * * * *

"(f)  Take such other disciplinary action as the board in its discretion finds proper, *including assessment of the costs of the disciplinary proceedings as a civil penalty* or assessment of a civil penalty not to exceed $5,000, or both." (Emphasis added.)

The Board's assessment of costs was broken into components for a "hearings officer," "expert witness," "court reporter," and "board counsel." Although petitioner makes a separate assignment of error challenging each of the four components of the assessment, the overriding theme that he advances is, as summarized in his brief:

"The 'costs' which the board is permitted to recover [under] ORS 677.205(2)(f) are the costs permitted under ORCP 68 A(2). The costs recoverable under ORCP 68 A(2) do not include expert witness fees, attorney fees, costs of the hearing officer, and the costs of the court reporter."[2]

---

[1] A period of probation was conditionally substituted for the suspension.

[2] ORCP 68 A(2) states that the "costs and disbursements" that the prevailing party may recover from another party are the "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services[.]" The rule then goes into a description of many items that may, and some that may not, be recovered. For purposes of this discussion only, we accept as correct petitioner's assertions that the items in question would not be recoverable as costs under ORCP 68 A(2).

The Board makes essentially two responses to petitioner's argument. First, it asserts that the proceedings in question were subject to the Administrative Procedures Act (APA), ORS 183.310 *et seq.*, generally, and to the particular provisions of ORS chapter 677 relating to physician discipline by the Board. It points out that, by contrast, ORCP 68 A(2) itself pertains only to judicial "actions" and that, under ORCP 1 A, the Oregon Rules of Civil Procedure as a whole apply only to judicial proceedings. Hence, the Board reasons, ORCP 68 A(2) has no direct applicability here. The Board's second point is that ORCP 68 A(2) also has no contextual or other instructive relationship to the interpretation of ORS 677.205(2)(f) or to the assessment in this case. According to the Board, the costs that are recoverable under ORCP 68 are selective in kind and are designed solely to serve as a partial reimbursement between parties. Conversely, the wording of ORS 677.205(2)(f) indicates that the assessment it authorizes is for the *actual* costs of the entire disciplinary proceeding and that it serves a punitive and a deterrent function as well as a remunerative one.

We agree generally with the Board. The phrase "assessment of the costs of the disciplinary proceedings" appears on its face to encompass *all* of the costs of the proceedings. In addition, the Board is correct in its point that ORCP 68 A(2) is inapplicable by its own terms and those of related rules to the Board's proceedings. The Board is also correct in its understanding that the disparate purposes of the two provisions—reimbursement of expenses in one instance and punishment in the other—detract from their usefulness as interpretive context for one another. *See DLCD v. Jackson County*, 151 Or App 210, 220, 948 P2d 731 (1997), *rev den* 327 Or 620 (1998).

What the two provisions *do* have in common, of course, is that both use the word "costs." However, that word has many meanings. It can refer to, *inter alia*, the "expenditure or outlay of money, time or labor" for some purpose. *Webster's Third New Int'l Dictionary,* 515 (unabridged ed 1993). It can also mean:

> "A pecuniary allowance, made to the successful party
> (and recoverable from the losing party), for his expenses in

prosecuting or defending an action or a distinct proceeding within an action." *Black's Law Dictionary*, 312 (rev 5th ed 1979).

Based on their own language and whatever relevant context there seems to be, it appears that ORS 677.205(2)(f) uses "costs" in the first of those senses, and ORCP 68 A(2) uses it in the second.

Petitioner attempts to close the gap by reference to cases that he paraphrases, accurately, as standing for the proposition that,

> "if a statutory term has acquired a well-defined legal meaning and there is no evidence that the legislature intended to change that meaning, the court will presume that the term has that meaning in the statute in question."

The principal authority that petitioner offers for that proposition is *Lawrence v. Clackamas County*, 164 Or App 462, 468-69, 992 P2d 933 (1999), where we held that the term "rebuttable presumption" as used in a later-enacted statute "mean[t] the same thing that it has come to mean generally since the enactment of OEC 308."

That principle is appropriate, however, only in cases like *Lawrence* in which the court is construing terms like "rebuttable presumption" that have a well-defined legal meaning. The word "costs" is not such a term. As the Supreme Court recognized in *Compton v. Weyerhaeuser*, 302 Or 366, 730 P2d 540 (1986), even as it relates to the reimbursement of one party by another, the term "costs" does not have the same meaning and application in all of the statutory provisions where it is used. Similarly, for the reasons we have noted, the word's meaning in ORS 677.205(2)(f) is far more inclusive than petitioner understands it to be in ORCP 68 A(2), and petitioner does not persuade us that, as used in ORS 677.205(2)(f), it does not encompass each of the items that comprised the Board's assessment against him.

Affirmed.