IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

BRENT L. JACKSON                          )
and MICHELLE L. JACKSON,                  )
                                          )
            Plaintiffs,                   )    TC-MD 160202C
                                          )
     v.                                   )
                                          )
DEPARTMENT OF REVENUE,                    )
State of Oregon,                          )
                                          )
            Defendant.                    )    **FINAL DECISION**[1]

*DECISION ON THE MERITS*

Plaintiffs appealed Defendant's Notice of Assessment, dated March 4, 2016, for the

period ending December 31, 2012. A trial was held on September 6, 2016, in the courtroom of

the Oregon Tax Court. Barbara Jenkins, licensed tax consultant, appeared and testified on behalf

of Plaintiffs. Christian Kelly of Defendant's Audit Unit appeared on behalf of Defendant.

Plaintiffs' Exhibit 1 was admitted without objection. Plaintiffs' Exhibits 2 to 7 were admitted

over Defendant's objection. Defendant did not offer any exhibits. At trial, Defendant stipulated

to "the facts" and moved for summary judgment. Defendant's written closing argument was

received after close of trial on September 6, 2016.

I. STATEMENT OF FACTS

At the conclusion of Plaintiffs' presentation of their evidence, Defendant stated that it

stipulated to the facts. The court therefore accepts the following facts presented by Plaintiffs'

representative at trial.

---

[1] The court's Decision, entered December 8, 2016, is incorporated herein without change under the heading *Decision on the Merits*. The court's determination of Plaintiffs' request for costs and disbursements, filed December 22, 2016, is contained under the heading *Decision on Costs and Disbursements*.

Plaintiff Brent L. Jackson (Jackson) worked in heavy construction and his employment frequently required him to travel to job sites away from his principal place of employment in the Salem–Albany area. During the tax period at issue, he stayed overnight for 103 days at a job site in Goldendale, Washington.

While in Washington, Jackson stayed in a travel trailer that he owned. He parked the trailer in a rented space about five miles from the job site. He had bought the trailer after concluding that it would be less costly than staying in motels during his prolonged absences from home. During the tax period at issue, Plaintiffs' only use of the trailer was as lodging for Jackson at the job site in Washington.

Jenkins testified that Plaintiffs claimed "$5,200 in depreciation on the trailer." Defendant disallowed the depreciation deduction.

## II. ANALYSIS

The issue before the court is whether Plaintiffs are entitled to a depreciation deduction for their travel trailer during 2012. The principal legal question raised by Defendant is whether Plaintiffs' use of the trailer was "for the convenience of the employer and required as a condition of employment" under Internal Revenue Code (IRC) section 280F(d)(3).

Except where modified by Oregon statute, taxable income in Oregon is identical to taxable income under federal law. ORS 316.022(6); ORS 316.048; *see also* ORS 316.007 (so stating legislature's intent). [2] Where practicable, the Department of Revenue is to follow federal judicial and administrative decisions. ORS 316.032(2).

IRC section 167(a) allows a depreciation deduction from gross income "of property used in the trade or business." Certain types of property are defined by the Code as "listed property,"

---

[2] The court's reference to the Oregon Revised Statutes (ORS) are to 2011.

including "any property of a type generally used for purposes of entertainment, recreation, or amusement[.]" IRC § 280F(d)(4). The use of listed property in connection with services as an employee is not treated as "use in a trade or business"—and therefore does not qualify for the depreciation deduction—"unless such use is for the convenience of the employer and required as a condition of employment." IRC § 280F(d)(3).

A.      *Convenience of the Employer and Required as a Condition of Employment*

"The terms convenience of the employer and condition of employment generally have the same meaning for purposes of section 280F as they have for purposes of section 119 (relating to the exclusion from gross income for meals or lodging furnished for the convenience of the employer)." 26 CFR § 1.280F–6(a)(2). The two standards—"condition of employment" and "convenience of the employer"—are substantially the same. *U.S. Jr. Chamber of Commerce v. U.S.*, 167 Ct Cl 392, 397 (1964). It is an objective standard; the use of the property must be required for the performance of the employee's job, regardless of whether that requirement is explicitly stated by the employer. *Dole v. Comm'r*, 43 TC 697, 706, (1965), *aff'd*, 351 F2d 308 (1st Cir 1965) (lodging employees in company-owned housing near mill not "condition of employment" despite company owner's contrary assertion because employees "could have lived in other available and suitable houses" nearby).

However, the use of property need not be "so necessary to the performance of the duties of the employment" that the absence of it "would render the performance virtually impossible." *U.S. Jr. Chamber of Commerce*, 167 Ct Cl at 399 (stating that employer-provided housing met "condition of employment" standard where employees came from out-of-state to serve for one year and needed lodging suitable for staff meetings and official entertainment). If the employer's business requires an employee to use property the employee would not reasonably be

expected to have available for the employer's needs, then the use of that property is required as a "condition of employment." *See id*.; *cf. Stone v. Comm'r*, 32 TC 1021, 1026 (1959) (holding that lodging at employer-provided highway construction camp 40 miles from Anchorage was "for the convenience of the employer").

With respect to IRC section 280F(d)(3), the cases suggest that the condition of employment standard amounts to "a type of necessary and reasonableness requirement on the deductibility of depreciation allowances for property used in a trade or business." *Noyce v. Comm'r*, 97 TC 670, 690–91 (1991) (allowing executive depreciation for his private jet to extent it was used in his employment); *Cadwallader v. Comm'r*, 57 TCM (CCH) 1030 (1989) (allowing professor depreciation on computer that "substantially aided" his research); compare *Hixson v. Comm'r*, 38 TCM (CCH) 1155 (TC 1979) (disallowing depreciation on travel trailer because it was used only at taxpayer's tax home and therefore was used for purely personal reasons).

In *Noyce*, the court allowed an executive to claim a depreciation deduction for his private jet, even though his employer would have reimbursed him for commercial flights. The flexible scheduling and the possibility of direct flights using the private jet allowed the executive to attend more meetings in the service of his employer than he otherwise could have, and the parties stipulated that "replication of petitioner's private airplane flights through a commercial service would have been more costly." *Noyce*, 97 TC at 688. The court found that the executive's use of the private jet was reasonable. *Id*. The depreciation deduction for the jet was allowed to the extent the jet was used in the executive's employment. *Id*. at 691.

In the present case, Plaintiffs did not dispute that their travel trailer qualifies as listed property under IRC section 280F(d)(4). Likewise, the parties agreed that Jackson's use of the travel trailer was in connection with services performed as an employee. *See* IRC

§ 280F(d)(3)(B). Therefore, to qualify for a depreciation deduction Jackson's trailer use must have been "for the convenience of the employer and required as a condition of employment." *See* IRC § 280F(d)(3)(A).

Jackson's use of his travel trailer resembles the executive's use of his private jet in *Noyce*. Jackson was required by his employer to be present at the job site, just as the executive was required to attend out-of-state meetings. Both Jackson and the executive had multiple options for meeting that requirement. Jackson determined that it was less costly for him to lodge in a travel trailer than it would have been to stay at a motel, just as the taxpayer in *Noyce* determined it was less costly to fly his private jet than to charter a jet so as to attend the same number of meetings.

Defendant argues that Jackson's use of the travel trailer was not a condition of his employment because he might have stayed at one of three motels near the job site and therefore the use of the travel trailer was not "required."[3] As the case law demonstrates, the word "required" in the statute does not mean an absolute requirement that the employee use that particular property. The regulations accompanying section 280F demonstrate the same point. Consider the following example from the regulation:

> B is an inspector for X, a construction company with many construction sites in the local area. B is required to travel to the various construction sites on a regular basis; B uses her automobile to make these trips. Although X does not furnish B an automobile, X does not explicitly require B to use her own automobile. However, X reimburses B for any costs she incurs in traveling to the various job sites. B's use of her automobile in her employment is for the convenience of X and is required as a condition of employment.

Example 2, 26 CFR § 1.280F–6(a)(4). In the example, "B" could have rented a car instead of providing her own, just as Jackson could have rented lodging at a motel.

_____

[3] The number of motels near the job site is not in evidence because Defendant declined to testify or offer any exhibits.

Nevertheless, B's use of her personal car was a reasonable way of fulfilling the travel requirement of her employment. Likewise, Jackson's use of a travel trailer—at lower cost than extended motel stays—was a reasonable way of fulfilling his obligation to stay near his job site.

Upon consideration, the court finds that Plaintiffs were entitled to a deduction for depreciation of their travel trailer in 2012 under IRC section 167.

B. *Applicability of Section 179*

Defendant argues that Plaintiffs were not entitled to expense the full cost of the trailer under IRC section 179 because the trailer was not section 179 property. It is unclear from the record whether Plaintiffs had elected to expense the trailer, but that is a possible reading of their request for "[t]otal depreciation on [the] trailer" in their Complaint.

IRC section 179 allows taxpayers to elect to deduct the cost of defined "section 179 property" for the year the property is first put in service. IRC § 179(a). The definition of section 179 property excludes "any property described in section 50(b)." IRC § 179(d)(1). Section 50(b) lists property not eligible for the investment credit, including "property which is used predominantly to furnish lodging." IRC § 50(b)(2); *Abbott v. Comm'r*, 42 TCM (CCH) 646 (1981)(stating that travel trailer fell within lodging exception).

Upon consideration, the court agrees with Defendant's characterization of Plaintiffs' travel trailer as "property which is used predominantly to furnish lodging." Jackson used the travel trailer exclusively for lodging while at work out of town. Had he not had the use of the trailer, he would have had to compensate for its absence by obtaining a room in a place of lodging, such as a motel. Therefore, the travel trailer is not section 179 property and is not eligible to be treated as an expense during its first year of service.

C.    *Substantiation by Adequate Records*

In its closing argument, Defendant raised for the first time the issue of substantiation under IRC section 274(d).

In order to claim a deduction with respect to listed property, taxpayers must prove four facts about the property by means of "adequate records" or "sufficient evidence corroborating the taxpayer's own statement." IRC § 274(d). Those four facts are: (1) the amount of the expense; (2) the time and place of the travel or use of the property; (3) the business purpose of the expense; and (4) the business relationship between the taxpayer and the "persons entertained, using the facility or property, or receiving the gift." *Id*.

Here, the proof of those facts is unnecessary because Defendant stipulated to them at the close of trial. Defendant's stipulation was general—it stipulated "to the facts"—and it was made advisedly, after hearing the testimony of Plaintiffs' representative as to the number of days, the place, and the business reason for Jackson's use of the trailer, as well testimony referring to the amount of the depreciation deduction. Defendant stated at the outset of trial that the scope of its disagreement with Plaintiffs was "fairly narrow" and that the issue for the court's decision was one of law. Defendant must adhere to its stipulation; the court will not open a new factual issue after trial has concluded.

### III.  CONCLUSION

After careful consideration, the court concludes that an employee's lodging in a travel trailer while working out of town was "for the convenience of the employer and required as a condition of employment" where staying in the trailer was less costly than staying in motels.

/ / /

/ / /

*DECISION ON COSTS AND DISBURSEMENTS*

Pursuant to Tax Court Rule–Magistrate Division (TCR–MD) 16 C, Plaintiffs timely filed their statement of costs and disbursements on December 22, 2016. Defendant did not object.

Plaintiffs' statement identified $262.57 in costs as follows: $252.00 for the court's filing fee, $7.57 for postage, and $3.00 for parking. Receipts attached to the statement indicated that the postage was incurred in a certified mailing to Defendant on August 22, 2016, and that the parking charges were incurred in Salem on the morning of trial, September 6, 2016.

Magistrates of the Oregon Tax Court are authorized by ORS 305.490(2) to award costs and disbursements pursuant to the court's rules. *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267–68 (2013).[4] TCR–MD 16 A defines the costs and disbursements that may be awarded to prevailing parties as

> "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the filing fee; the statutory fees for witnesses; the necessary expense of copying of any public record, book, or document used as evidence in the trial; and any other expense specifically allowed by agreement, by these rules, by TCR 68 A(2), or by other rule or statute."

Allowable costs under Tax Court Rule (TCR) 68 A(2) also include, *inter alia,* "the postage for summonses or notices." Although the lists provided at TCR–MD 16 A and TCR 68 A(2) are nonexclusive, the only additional allowable costs are those "specifically allowed" by agreement, rule, or statute. The phrase "reasonable and necessary" does not authorize additional items not specifically allowed, but instead imposes a reasonableness requirement on items that are specifically allowed. That is why courts are "powerless" to award admittedly "necessary" expenses unless they are specifically allowed. *Welch v. U.S. Bancorp*, 286 Or 673, 709–10, 596

---

[4] Courts have no common law authority to award costs and disbursements. *Wood v. Fitzgerald*, 3 Or 568, 583–84 (1870). "Any entitlement to costs must be found in, and is limited by, statute." *Compton v. Weyerhaeuser*, 302 Or 366, 367, 730 P2d 540 (1986).

P2d 947 (1979) (so holding with respect to expert witness fees and deposition expenses not then permitted by statute).

Here, Plaintiffs prevailed in their appeal and the court awards them their filing fee. The court is not authorized to award Plaintiffs their postage or parking costs. Parking costs are not specifically allowed. Postage is only allowed for summonses and notices. *See* TCR 68 A(2). It appears that Plaintiffs' postage was incurred during exhibit exchange shortly before trial, rather than in serving a summons and notice. Even if Plaintiffs had served a summons and notice, the cost would have been unnecessary because the court serves taxpayers' complaints on defendants pursuant to ORS 305.560(1)(b) and TCR–MD 1 C(1). Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's oral motion for summary judgment made at trial is denied.

IT IS FURTHER DECIDED that, for the 2012 tax year, Plaintiffs are entitled to a depreciation deduction for the travel trailer under IRC section 167.

IT IS FURTHER DECIDED that Plaintiffs are not entitled to deduct as an expense the cost of the travel trailer under IRC section 179.

IT IS FURTHER DECIDED that Defendant shall pay Plaintiffs their $252 filing fee.

Dated this ____ day of January, 2017.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR. Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on January 9, 2017.*