IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JULIE ANN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170336N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

The court entered its Decision in this case on December 11, 2017. In that Decision, the court noted that Plaintiff requested costs and disbursements in the amount of $265, based on the filing fee, in her Complaint. The court gave Defendant 14 days from the date of the Decision to file its written objection, if any, to Plaintiff's request. Defendant timely filed its objection on December 21, 2017. This case is now ready for Final Decision. The court's Final Decision incorporates its Decision without change in section I. The court's analysis and determination of Plaintiff's request for costs and disbursements is contained in section II.

I. DECISION

This matter came before the court on Defendant's Motion to Dismiss, filed November 30, 2017, and on its Answer, filed December 4, 2017. Plaintiff filed her Complaint on October 17, 2017, challenging Defendant's adjustment to her residential energy tax credit for tax year 2015. In its Answer, Defendant stated that it had "reversed" its adjustments. Because Defendant provided the requested relief, this matter is ready for decision.

II. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

Plaintiff requests costs and disbursements in the amount of $265, based on her filing fee. Defendant objects to Plaintiff's request because she did not wait for resolution of Defendant's

appeal process before filing her appeal with the court. (Def's Written Objection.) Defendant maintains that, if Plaintiff "had waited for the appeals process to be complete, she would have had no reason to file with the Magistrate and would not have incurred the fee." (*Id.*)

"Costs, like attorney fees, are not recoverable in the absence of a statute or contractual provision authorizing the award. Any entitlement to costs must be found in, and is limited by, statute." *Compton v. Weyerhaeuser*, 302 Or 366, 367, 730 P2d 540 (1986) (citation omitted) *superseded by statute on other grounds*, Or Laws 1987, ch 250, § 4; *see also Portland General Elec. Co. v. Dept. of Rev.*, TC 2542, WL 126215 at *3 (1988) (explaining that "[i]t has long been the rule that the recovery of costs and disbursements is allowed only by virtue of statutory authority, there being no right to such recovery at common law.") Magistrates of the Oregon Tax Court have discretionary authority to award costs and disbursements to prevailing parties under ORS 305.490(2) (2015). *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267–68 (2013).

There is no question that Plaintiff is the prevailing party in this matter. The question is whether the court should exercise its discretion to award Plaintiff her costs and disbursements. The court has, in the past, denied an award of costs and disbursements where the plaintiff could have received relief without filing an appeal to this court. *See, e.g., Bell v. Dept. of Rev.*, __ OTR __, WL 3192791 at *1 (2012) (denying taxpayers' request for costs because the taxpayers failed to provide requested information to the department and failed to request a conference). The court looks to the pleadings in this case to determine whether Plaintiff complied with Defendant's requests and took advantage of available administrative review.

Plaintiff attached several notices and other documents to her Complaint revealing her communications with Defendant prior to filing this appeal. Defendant sent Plaintiff a Notice of Proposed Refund Adjustment on April 22, 2016. (Compl at 6–7.) That notice contained an

explanation of adjustments and an explanation of appeal options, including a written objection, a conference, or an appeal to the Magistrate Division. (*Id.* at 7.) Defendant sent Plaintiff a Written Objection Determination Notice of Refund Denial on September 13, 2017. (*Id.* at 4.) According to the Notice of Refund Denial, Plaintiff filed a written objection to the Notice of Proposed Refund Adjustment dated April 22, 2016, and provided information concerning her Residential Energy Credit. (*Id.*) Nevertheless, Defendant determined that the adjustments it made were "valid" and denied Plaintiff's written objection. (*Id.*) The Notice of Refund Denial gave Plaintiff 90 days from the notice date to appeal to the Magistrate Division. (*Id.*) Plaintiff's handwritten notes stated that she sent a copy of the residential energy credit certification to Defendant on June 26, 2017, and "Larry verified they were [received] on [that day]." (*Id.* at 12.) Plaintiff sent copies by mail on August 3, 2017, then she "drove to Eugene [and] met w/ Mary(?) with all documents. She [Mary?] suggested mtg w/ Magistrate." (*Id.*)

In its Answer, Defendant referenced a Notice of Proposed Refund Adjustment dated September 19, 2017. (Ans at 1.) No copy of that Notice was attached or otherwise provided to the court. In its objection, Defendant alleged that Plaintiff "filed an appeal with DOR for this issue and period August 7, 2017. The appeal was resolved in favor of [Plaintiff] November 14, 2017. [Plaintiff] filed a case with the court October 17, 2017." (Def's Written Objection.) Defendant did not attach copies of any documents referenced in its Written Objection.

The timelines presented by the parties do not match and the court is unable to reconcile the discrepancies between them. It is unclear why a second Notice of Proposed Refund Adjustment was issued by Defendant on September 19, 2017, and how that notice may have impacted Plaintiff's appeal rights from the Notice of Refund Denial issued September 13, 2017. Defendant alleged that Plaintiff filed an "appeal" with Defendant on August 7, 2017, but that

date precedes the Notice of Refund Denial, raising a question of how Plaintiff would know her "appeal" was still pending before Defendant. In any event, the court is satisfied that Plaintiff diligently attempted to resolve this matter with Defendant before filing this appeal. Plaintiff's request for costs and disbursements in the amount of $265 is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements in the amount of $265 is granted.

Dated this ___ day of January, 2018.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Boomer and entered on January 11, 2018.*