IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Tobacco Tax

PETRICH GENERAL STORE  )
and TOM PETRICH,  )
  )
        Plaintiffs,  )    TC-MD 180333G
  )
    v.  )
  )
DEPARTMENT OF REVENUE,  )
State of Oregon,  )
  )
        Defendant.  )    **FINAL DECISION**[1]

This case is ready for decision upon agreement of the parties. Defendant assessed tax, penalty, and interest after discovering tobacco products for which no invoices were available during an inspection of Plaintiffs' store. Plaintiffs appealed, attaching copies of receipts for the tobacco products to their Complaint. At the case management conference on November 13, 2018, the parties agreed that the assessment under appeal was for the period ending April 30, 2018. Plaintiffs orally provided information about the quantities of purchased tobacco products, and Defendant agreed to cancel its tax, penalties and interest.

Defendant filed a written objection to Plaintiffs' request for an award of their filing fee. Defendant's objection identified reasons the court might exercise discretion not to award costs, alleging Plaintiffs failed to take reasonable steps to avoid litigation (such as providing Defendant with copies of the relevant invoices before filing their appeal). Although the court granted Plaintiffs leave to file a response to that objection, no response was received.

/ / /

/ / /

---

[1] The court's decision was issued November 16, 2018.

Magistrates have discretionary authority to award costs and disbursements to prevailing parties under ORS 305.490(2).[2] *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 266 (2013). That authority is limited to what is given by statute; it does not exist at common law. *Compton v. Weyerhaeuser*, 302 Or 366, 367, 730 P2d 540 (1986); *Wood v. Fitzgerald*, 3 Or 568, 583–84 (1870). Therefore, the court only exercises discretion if the party requesting costs is a "prevailing party." TCR–MD 16 B.[3] In Oregon, unlike some other jurisdictions, plaintiffs who obtain relief by settlement rather than court order are not prevailing parties. *Dar Makkah Assoc. v. Multnomah County Assessor*, TC–MD 180280G, WL 4348334 (Sept 5, 2018).

Here, because Defendant voluntarily gave Plaintiffs their requested relief, Plaintiffs are not prevailing parties and are not eligible for an award of costs and disbursements under TCR–MD 16. Now, therefore,

IT IS THE DECISION OF THIS COURT that, based on the agreement of the parties, Plaintiffs' appeal is granted. Defendant shall cancel its assessment of tax, penalty, and interest for the period ending April 30, 2018.

IT IS FURTHER DECIDED that Plaintiffs' request for their filing fee is denied.

Dated this ____ day of December, 2018.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[3] Tax Court Rule – Magistrate Division (TCR–MD)

*This document was signed by Magistrate Poul F. Lundgren and entered on December 12, 2018.*