Submitted on records and briefs November 22, 1988, the decision of the Court of
Appeals affirmed February 14, 1989

RAYMOND GARY STELLJES,
*Petitioner on Review,*

*v.*

STATE BOARD OF PAROLE,
*Respondent on Review.*

(CA A42292; SC S35604)

CARL V. DUMLER,
*Petitioner on Review,*

*v.*

STATE BOARD OF PAROLE,
*Respondent on Review.*

(CA A46516; SC S35475)
(Cases Consolidated For Review)

769 P2d 177

Raymond Gary Stelljes, *pro se*. Carl V. Dumler, *pro se*.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem, *contra*.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The issue in these consolidated cases is whether petitioners were prevailing parties in the Court of Appeals and, thus, entitled to recover prevailing party fees under ORS 20.190.[1] The Court of Appeals denied their claims. We affirm.

Petitioners are in the Oregon State Penitentiary. Each was the subject of a Board of Parole (Board) order setting his initial release date. In petitions to the Court of Appeals for judicial review, each challenged his release date. ORS 144.335(1).[2] Before the Court of Appeals made any decision on the merits, the Board withdrew both orders and then issued new orders giving petitioners the relief they had been seeking in the Court of Appeals. Thereafter, the Court of Appeals dismissed Dumler's petition, designated him the prevailing party,[3] and awarded him costs, but it denied his claim for a prevailing party fee. Stelljes also was designated the prevailing party, but he continued his action against the Board.[4] The Court of Appeals then affirmed the Board's new order in his case and designated the Board as the prevailing party. *Stelljes v. Board of Parole,* 90 Or App 643, 754 P2d 40,

---

[1] ORS 20.190 provides in relevant part:

"A prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(1) In the * * * Court of Appeals, on an appeal, $85."

[2] ORS 144.335 provides in relevant part:

"(1) When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order.

"* * * * *

"(3) The court may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8). The filing of the petition shall not stay the board's order, but the board may do so, or the court may order a stay upon application on such terms as it deems proper."

[3] The Court of Appeals apparently concluded that petitioners had "prevailed" because, on reconsideration the Board had granted them the relief they were seeking in the Court of Appeals.

[4] Stelljes did not petition for judicial review of the Board's new order, nor did he argue that the Board's original order had any continuing effect on him. In his brief, Stelljes states that on reconsideration by the Board he prevailed on every assignment of error raised in his petition for judicial review and that he continued his appeal because he wanted to know "how" the Board had granted him relief.

(1988) *rev den* 306 Or 156, 758 P2d 347 (1988). Stelljes then petitioned for costs and a prevailing party fee. The Court of Appeals awarded him costs; however, it denied his claim for a prevailing party fee.

Petitioners argue that they prevailed in the Court of Appeals because on reconsideration they obtained the relief they had been seeking in the Court of Appeals, even though the Board withdrew and modified its original orders before the Court of Appeals made any decision on the merits. They argue further that ORS 20.320 mandates award of the prevailing party fee.[5] Stelljes also relies on ORS 183.482(6).[6] The Board argues that petitioners did not prevail on the merits *in* the Court of Appeals and, further, that ORS 183.482(6) does not apply to judicial review of Board orders. We agree with the Board.

■　　Costs and attorney fees are not recoverable absent a statute or contractual provision authorizing the award. *Compton v. Weyerhaeuser,* 302 Or 366, 367, 730 P2d 540 (1986); *Lewis v. Department of Revenue,* 294 Or 139, 142, 653 P2d 1265 (1982); *State Highway Com. v. Efem Whse. Co.,* 207 Or 237, 242, 295 P2d 1101 (1956). ORS chapter 183 generally governs judicial review of administrative actions and ORS 183.497 controls the award of costs in such cases. *See Shetterly, Irick & Shetterly v. Emp. Div.,* 302 Or 139, 142, 727 P2d 117 (1986). However, the Board is specifically exempted from the provisions of ORS 183.497. ORS 183.315(5).[7] ORS 144.335

---

[5] *ORS 20.320 provides in part:*

"* * * The filing or appearance fee and the prevailing party fee under ORS 20.190 shall be allowed as a matter of course to the party entitled thereto, without the filing of a statement of costs and disbursements."

[6] ORS 183.482(6) provides:

"At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration. * * * If an agency withdraws an order for purposes of reconsideration and modifies or reverses the order in favor of the petitioner, the court shall allow the petitioner costs, but not attorney fees, to be paid from funds available to the agency."

[7] ORS 183.315(5) provides:

"The provisions of ORS 183.415 to 183.430, 183.440 to 183.460, 183.470 to 183.485 and 183.490 to 183.500 do not apply to orders issued to persons who have been committed pursuant to ORS 137.124 to the custody of the Department of Corrections."

governs judicial review of Board of Parole orders. Under that statute, the Court of Appeals is granted authority to "affirm, reverse or remand the order. ORS 144.335(3).

■　　We conclude that in order to receive a prevailing party fee in these cases, petitioners had to prevail on the merits *in* the Court of Appeals. They did not do so. The Court of Appeals dismissed Dumler's petition, and Stelljes's case was decided in favor of the Board. Petitioners may have benefited from the Board's new orders; however, any such benefit resulted from the *Board's* action not from any decision on the merits by the Court of Appeals. Thus, they did not prevail on the merits *in* the Court of Appeals and, therefore, are not entitled to ORS 20.190 prevailing party fees.[8]

We recognize that this result may be contrary to what might happen in a different case under ORS 183.482(6). However, our duty is to interpret the law, not to rewrite it. The problem, if any, is for the legislature.

The decision of the Court of Appeals is affirmed.

---

[8] Because the issue has not been raised or briefed, we do not decide whether petitioners were entitled to recover "costs" in the Court of Appeals.