Submitted on petitioner's Statement of Costs and Disbursements filed June 27, and on respondent's Objection to Statement of Costs and Disbursements filed July 10, objection overruled; costs allowed November 29, 1995

# VOELZ OIL AND LAND SURVEY, INC.,
an Oregon corporation,
*Petitioner,*

*v.*

# OREGON STATE FIRE MARSHAL,
*Respondent.*

(K-B0685-030-92; CA A83875)

907 P2d 251

Clayton C. Patrick and Patrick & Meadowbrook for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Respondent Oregon State Fire Marshal objects to petitioner's Statement of Costs and Disbursements, arguing that petitioner is not entitled to a prevailing party fee under ORS 20.190(1). We overrule the objection and allow the claim for the prevailing party fee.

Petitioner, which operates a gasoline station, sought judicial review of an order of the Fire Marshal holding that petitioner violated a regulation requiring separate facilities for retail and wholesale operations. Petitioner filed a brief. The Fire Marshal then reevaluated its regulation, determined that separate facilities should not be required and withdrew its order. In due course, we dismissed the petition for judicial review. In the dismissal order, we identified petitioner as the prevailing party and awarded it costs. Petitioner then filed a statement of costs and disbursements, claiming three items: a filing fee of $100, brief printing costs of $102.50 and a prevailing party fee of $100 under ORS 20.190(1).

The Fire Marshal objected to the claim for a prevailing party fee. Citing *Stelljes/Dumler v. State Board of Parole*, 307 Or 365, 769 P2d 177 (1989), and *Shetterly, Irick & Shetterly v. Emp. Div.*, 302 Or 139, 727 P2d 117 (1986), it argues that ORS 20.190(1) does not apply on judicial review of final orders in contested cases under the Administrative Procedures Act. It also argues that, in any event, petitioner in this case is not a "prevailing party" within the meaning of that statute, because it did not obtain an order from this court modifying the Fire Marshal's order that was the subject of the petition for review.

Costs are not recoverable in the absence of a contractual or statutory provision authorizing the award. *Compton v. Weyerhaeuser*, 302 Or 366, 367, 730 P2d 540 (1986), (*overruled on other grounds by statute as stated in Fromme v. Fred Meyer*, 306 Or 558, 560, 761 P2d 515 (1988)). ORS chapter 183 generally governs the award of costs on judicial review of administrative actions. *Stelljes/Dumler*, 307 Or at 368. ORS 183.482(6) provides that, when an agency withdraws, for the purposes of reconsideration, an order challenged on judicial review, and then modifies or reverses that order in favor of

the petitioner, "the court shall allow the petitioner costs * * * to be paid from funds available to the agency."

The statute does not define what "costs" a petitioner may recover. ORS 20.190, however, provides that

"[a] prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as part of the costs and disbursements, the following additional amounts:

"(1) In the Supreme Court or Court of Appeals, on an appeal, $100."

As used in ORS 20.190, the term "prevailing party"

"may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment, decree or other decision of the trial court."

ORS 20.015.

■ Petitioner is a "prevailing party" within the meaning of ORS 20.190, having obtained the right, under ORS 183.482(6), to recover costs. Therefore, it is entitled to the $100 prevailing party fee provided in ORS 20.190(1).

The Fire Marshal's arguments to the contrary are not persuasive. First, the cases on which it relies are not on point. In *Stelljes/Dumler*, the court held that the petitioner who had obtained the withdrawal of a Board of Parole order was not entitled to a prevailing party fee under ORS 20.190(1), because the petitioner was not a prevailing party entitled to costs under the statutes governing judicial review of Board of Parole orders. 307 Or at 368-69. ORS chapter 183 does not apply to orders of the Board of Parole, ORS 183.315, and, in fact, the court expressly acknowledged that its holding under the Board of Parole statutes "may be contrary to what might happen in a different case under ORS 183.482(6)." *Id.* at 369. *Shetterly* is similarly inapposite, because it holds only that an unrelated statute, ORS 20.120, does not apply to judicial review of final orders in contested cases under the Administrative Procedures Act. 302 Or at 143. The court construed neither ORS 183.482(6) nor ORS 20.190(1) in that case.

■■ Second, the Fire Marshal's argument that petitioner is not a "prevailing party" within the meaning of ORS 20.015

and ORS 20.190 is unavailing. According to the Fire Marshal, because petitioner obtained no relief *from this court*, and because the order modified was not a "judgment, decree or other decision *of the trial court*," petitioner has failed to satisfy the requirements of ORS 20.015. (Emphasis supplied.) That statute, however, contains no requirement that this court have modified the order on review.[1] Moreover, we do not read the statutory reference to "judgment, decree or other decision of the trial court" to be a qualification of this court's authority to declare who is the prevailing party. ORS 20.015 provides that the term "may include," at our "discretion," a party who obtains substantial modification of trial court decisions. It does not say that the statute means *only* a party who obtains substantial modification of trial court decisions. Our reading of ORS 20.015 is borne out by examination of its context, which includes ORS 20.120, a statute that explicitly refers to an award of costs on appellate review of a "decision of an officer, tribunal, or court of inferior jurisdiction," not just the decision of a trial court.

Objection overruled. Petitioner's Statement of Costs and Disbursements allowed in the amount of $302.50.

---

[1] The Fire Marshal also mentions, in the same vein, ORAP 13.05(3), which provides:

"When an allowance of costs is dependent on the identification of a party as a prevailing party, the appellant or petitioner * * * is the prevailing party only if the court reverses or substantially modifies the judgment or order from which the appeal or judicial review was taken."

In this case, however, ORS 183.482(6) — not ORAP 13.05(3) — determines whether petitioner is allowed costs. Indeed, if the Fire Marshal were correct in its reliance on ORAP 13.05(3), then petitioner would not be entitled to *any* costs; yet the Fire Marshal objects only to the allowance of the prevailing party fee and not to the other costs that petitioner claims.