LAGESEN, P. J.
*399 Petitioner seeks review, pursuant to ORS 183.482, of a final order in a contested case by the Oregon State Hospital. The issue, as it turns out, is jurisdiction: Do we have jurisdiction under the Administrative Procedures Act to review an agency order that has been withdrawn? We conclude that we do not and, therefore, dismiss.
Petitioner was committed to the state hospital under ORS 161.370, because she had been charged with crimes but was not fit to proceed. Once there, the hospital determined that petitioner was gravely disabled and was unable to give informed consent to the course of medications that the hospital determined was the most appropriate to treat petitioner's disorder. It then issued a notice that it had good cause to administer medication without petitioner's consent. Petitioner, with the assistance of hospital staff, requested a contested case hearing and the matter was referred to the Office of Administrative Hearings (OAH). Following the contested case hearing, the administrative law judge issued a final order on behalf of the hospital determining that the hospital permissibly could administer medications to petitioner without her informed consent.
Petitioner sought judicial review of that final order under ORS 183.482. The hospital withdrew it for reconsideration, as allowed by ORS 183.482(6). On reconsideration, the hospital decided to withdraw its notice of intent to involuntarily administer medications to petitioner and withdraw its referral of the matter to the OAH, and issued orders commemorating those actions. Petitioner did not file an amended petition for judicial review after the hospital filed its order on reconsideration. In her opening brief to us, she raises a number of challenges to the withdrawn final order, but does not challenge the hospital's order on reconsideration. The hospital contends that we lack jurisdiction because petitioner did not file an amended petition for judicial review of the revised order on reconsideration, as required by ORS 183.482(6). Petitioner contends that we have jurisdiction to review the withdrawn order because, in petitioner's view, the hospital's order on reconsideration is legally ineffective. Alternatively, petitioner contends that we have jurisdiction *400 to review the withdrawn order under ORS 14.175, which permits review of certain moot cases.
Regardless of whether the hospital's order on reconsideration is an effective reconsideration order, as the hospital contends, or an ineffective one, as petitioner contends, we lack jurisdiction in either circumstance.
What if the order on reconsideration is a legally effective one? When an agency withdraws an order under ORS 183.482(6) and then files an order on reconsideration that does not merely "affirm[ ] *** or modif[y] the order with only minor changes," a petitioner must file a timely amended petition for judicial review of the order on reconsideration if the petitioner seeks to proceed with the case: "If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, the petitioner may refile the petition for review and the review shall proceed upon the revised order." ORS 183.482(6). A petitioner's failure to timely file an amended petition for judicial review means that the proceeding must be dismissed for lack of jurisdiction. Haskell Corp. v. Filippi , 152 Or. App. 117, 125-26, 953 P.2d 396, rev. den. , 327 Or. 305, 966 P.2d 219 (1998) ; see Knapp v. Employment Division , 67 Or. App. 231, 677 P.2d 738 (1984) (the petitioner's failure to timely file an amended petition for judicial review of order on reconsideration meant that Court of Appeals *578 lacked jurisdiction). Here, petitioner did not file an amended petition for judicial review after the hospital filed its order on reconsideration. That omission means that we lack jurisdiction under Haskell and Knapp , if we accept that the order on reconsideration is a legally effective reconsideration order.
What if the order on reconsideration is, in effect, a legal nullity? That means that there is no final order properly before us. There is no dispute that the hospital was authorized to withdraw its order, and that it did, in fact, withdraw its order. ORS 183.482(6) expressly gave it that authority: "At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration." ORS 183.482(6). But once an agency withdraws an order, there is nothing before us to review; the case returns *401 to the agency where it remains unless and until it issues an order on reconsideration. SAIF v. Fisher , 100 Or. App. 288, 292, 785 P.2d 1082 (1990) ; see Voelz Oil v. Oregon State Fire Marshal , 138 Or. App. 100, 102, 907 P.2d 251 (1995) (noting dismissal of judicial proceeding once agency reevaluated its position and, as a result, withdrew order on review). Thus, if we accept that the hospital's reconsideration order is a legally ineffective reconsideration order, then the matter remains before the hospital and there is no final order for us to review. This also requires dismissal under our case law. Fisher , 100 Or. App. at 292, 785 P.2d 1082 (dismissing petition for judicial review "because there is no final order" after agency withdrew order and did not replace it).
ORS 14.175 does not provide a way around this problem. That statute allows a court to resolve certain cases that have become moot, such that resolution of the case will not have a practical effect on the party bringing the case. But the issue here is whether we have jurisdiction under ORS 183.482 at all. For the reasons explained, we do not.
Petition for judicial review dismissed.