Argued and submitted June 17, reversed and remanded September 9, 2021

Debbie REYNOLDS,
*Petitioner-Respondent,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent-Appellant.*

Multnomah County Circuit Court
17CV50551; A172293

499 P3d 132

This Administrative Procedures Act (APA) case relates to a final order issued by the Department of Human Services (DHS) in an other than contested case after it investigated complaints about a child-care facility operated by petitioner. After petitioner sought judicial review of the initial order, DHS withdrew that order for reconsideration and issued a first final order on reconsideration (FOR I). Petitioner then sought judicial review of FOR I and moved for summary judgment. While the summary judgment motion was pending, DHS withdrew FOR I for reconsideration and replaced it with a second final order on reconsideration (FOR II). The trial court entered summary judgment on FOR I and entered a supplemental judgment awarding petitioner attorney fees. DHS contends that after it withdrew FOR I for reconsideration, the court lacked jurisdiction to review that order and enter any judgment on it. *Held*: The APA permits a state agency to withdraw a final order in other than a contested case at any time after filing a petition for review and prior to the hearing date for the matter. In this case, once DHS properly withdrew FOR I for reconsideration, the trial court did not have jurisdiction to review that order. It follows that the court erred both by granting summary judgment to petitioner based on its review of FOR I and by awarding her attorney fees.

Reversed and remanded.

Richard Maizels, Judge pro tempore.

Inge D. Wells, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Vanessa Anderson argued the cause for respondent. Also on the brief was Amber Zupancic Albin.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Reversed and remanded.

**HADLOCK, J. pro tempore**

This Administrative Procedures Act (APA) case relates to a final order that the Department of Human Services (DHS) issued after investigating complaints about a child-care facility operated by petitioner. Petitioner sought judicial review of that order and later moved for summary judgment. The trial court granted petitioner's motion, entered a general judgment in her favor, and entered a supplemental judgment awarding her attorney fees. DHS appeals both of those judgments. It asserts that, because it withdrew the final order for reconsideration before the hearing on petitioner's summary judgment motion, the trial court lacked jurisdiction to review that order and therefore erred by entering judgments in petitioner's favor. We agree and, accordingly, reverse and remand.

The pertinent facts are procedural and, for purposes of our analysis, undisputed. In September 2017, following an investigation of "complaints and concerns" about a particular employee at petitioner's child-care facility, DHS issued a final order determining that there was "reasonable cause to believe that [petitioner was] responsible for the Neglect of [two children]." DHS based that decision on petitioner's alleged failure to intervene in the "behaviors" of her staff. Petitioner sought judicial review of the order pursuant to ORS 183.484.

About two weeks before the scheduled trial date, DHS withdrew the final order for purposes of reconsideration. A few days later, DHS sent petitioner a letter stating that it had reviewed the founded neglect dispositions and had determined, on reconsideration, "that there [was] not reasonable cause to believe that you, [petitioner], are responsible for the neglect of [the two children]." That letter was itself a final order (the first order on reconsideration, which we refer to as "FOR I"), and it also stated that the "dispositions [had] been changed to unfounded." Shortly after DHS withdrew its original order, petitioner moved for and was granted a continuance of the trial date.

Petitioner filed an amended petition for judicial review in which she challenged FOR I, asking the court to set aside or modify the order. Among other things, petitioner

asserted that FOR I still included a finding that the two children had been neglected by petitioner's employee while at petitioner's child-care facility. Petitioner argued that that finding was not supported by substantial evidence. In addition, petitioner asserted that DHS had "failed to comply with multiple OARs" during its investigation. Petitioner also requested attorney fees pursuant to ORS 183.497(1).

After other proceedings not pertinent here, petitioner moved for summary judgment. The motion focused largely on petitioner's contention that the wording of FOR I—particularly its reference to "the neglect" of two children—"affirms the finding that [the two children] were neglected." Petitioner argued that, because FOR I also determined that petitioner was not responsible for "the neglect," the order necessarily encompassed a "founded disposition" that petitioner's *employee* had acted improperly. Petitioner raised several challenges to that purported "founded disposition," including that it was based on an improper DHS investigation.

Before the trial court could hear petitioner's summary judgment motion, the trial was abated following petitioner's death.[1] After the case was reinstated, trial was scheduled to be held in October 2019. By letter dated July 31, 2019, DHS issued a new final order on reconsideration—FOR II—stating with respect to the neglect dispositions "that there is not reasonable cause to believe that neglect occurred" and that the two neglect dispositions "are unfounded," meaning that "no evidence of abuse was identified or disclosed." The following day, DHS filed FOR II with the circuit court, along with notice that it was withdrawing its previous order (FOR I) for reconsideration.

At that point, petitioner's motion for summary judgment—which challenged FOR I—was still pending. Hearing on that motion occurred on August 9, 2019. Among other things, DHS argued at the hearing that, because it had withdrawn FOR I, the court essentially was hearing argument on "a motion for summary judgment against a final

---

[1] Petitioner later filed a motion for substitution of parties, asking the trial court "to allow the action to be continued by Petitioner's personal representative," and the trial court entered an order granting that motion.

order that no longer exists." In response, petitioner acknowledged that ORS 183.484(4) gives agencies the authority to withdraw orders for reconsideration, but she suggested that DHS should not be permitted to do so multiple times. The parties also presented arguments about the substance of FOR I and petitioner's contention that DHS had not followed the law during its investigation.

The trial court ruled in petitioner's favor and explained that ruling in a letter opinion:

> "After oral arguments I reviewed my notes and the pleadings, I have decided to grant Plaintiff's motion. Defendant did not follow the OARs in that it did not have face to face contact with the victim, the victim's parents or [petitioner's employee]. To me that invalidates the conclusion reached by the ODHS.

> "I have not taken into consideration the order [FOR II] proffered in court by [DHS's counsel]. It may be an issue on appeal, but it does not change the fact that the investigation was flawed."

The court then entered an order granting summary judgment to petitioner on the ground that the "findings against [petitioner's employee] are invalidated by [DHS's] failure to follow the applicable Oregon Administrative Rules" during its investigation. The court entered a general judgment in petitioner's favor and a supplemental judgment awarding her attorney fees. DHS appealed both judgments.

On appeal, DHS challenges both the trial court's grant of summary judgment to petitioner and its award of attorney fees. With respect to the summary judgment ruling, DHS observes that FOR I was the target both of petitioner's petition for judicial review and her motion for summary judgment. Accordingly, DHS argues, its withdrawal of FOR I for reconsideration—which occurred before the summary judgment hearing—left "nothing for the court to review." DHS relies on ORS 183.484(4), which provides that an "agency may withdraw its order for purposes of reconsideration" "[a]t any time subsequent to the filing of the petition for review and prior to the date set for hearing." DHS notes that petitioner "could have amended her petition to challenge [FOR II], but she did not do so."

In response, petitioner contends that DHS did not properly withdraw FOR I for reconsideration, so the circuit court retained authority to review that order. Petitioner notes that DHS had already withdrawn its initial order once as a prelude to issuing FOR I, and she argues that DHS lacked authority to later withdraw the order for reconsideration a second time in conjunction with issuing FOR II: "ORS 183.484(4) allows the agency to withdraw its final order for purposes of reconsideration, once, with permission of the court." That is, petitioner argues, the statute does not permit "multiple do-overs." Petitioner also contends that, once a petition for judicial review of an agency order has been filed, OAR 137-004-0080 requires the agency to obtain court approval before withdrawing the order for reconsideration.

In addition, petitioner raises two issues regarding FOR II. First, she seems to suggest that the trial court could consider her substantive arguments in the context of reviewing FOR II even though she had not petitioned for judicial review of that order. Second, petitioner contends that the court "set aside" FOR II under provisions of the APA.

We begin by addressing those latter two arguments. We disagree with petitioner's contention that the trial court could—*and did*—address FOR II despite the absence of a petition for judicial review of that order. The trial court did not purport to base its ruling on FOR II; to the contrary, the court said that it "[had] not taken [that order] into consideration." Because the court did not review FOR II, we need not decide whether it would have had authority to do so. *Cf.* ORS 183.484(4) (When an agency issues an order on reconsideration, a petitioner who wishes a court to review that new order must file an amended petition for judicial review unless the order on reconsideration "affirms" the previous order or modifies it "with only minor changes.").

We also reject petitioner's contention that the trial court "set aside" FOR II for procedural or other reasons. The transcript of the summary judgment hearing makes it clear that the trial court did exactly what it said; it simply did not consider that order and it did not rule on its procedural or substantive merit.

We turn to the central question on appeal: whether DHS had authority to withdraw FOR I for reconsideration. Each of the orders that DHS issued in this case was a final order in an other than contested case that petitioner was entitled to challenge under ORS 183.484(1). Petitioner properly petitioned for judicial review of DHS's original final order and, after DHS withdrew that order for reconsideration and issued FOR I, petitioner properly filed an amended petition for judicial review of that new order.

The parties dispute whether, after petitioner moved for summary judgment against FOR I, DHS could properly withdraw *that* order for reconsideration and issue FOR II. We conclude that DHS had authority to do so under ORS 183.484(4), which provides, in pertinent part:

> "At any time subsequent to the filing of the petition for review and prior to the date set for hearing, the agency may withdraw its order for purposes of reconsideration. If an agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify or reverse its order."

Nothing in that statute limits an agency to a single opportunity to withdraw and "affirm, modify or reverse" its final order, which reflects the agency's written resolution of issues before it. *See* ORS 183.310(6)(b) (defining "final order" as the agency's "final agency action expressed in writing"). Nor does the statute give a trial court authority to prevent an agency from withdrawing a final order for reconsideration; similarly, the statute does not require an agency to seek leave from the court before withdrawing its order. Rather, the pertinent part of the statute gives the court authority only to set a deadline by which the agency must issue a *new* final order after withdrawing an old one. We reject petitioner's argument to the contrary.

We turn to petitioner's argument that, once a petition for judicial review of an agency's order in an other than contested case has been filed, OAR 137-004-0080 requires the agency to obtain permission from the trial court before withdrawing the order for reconsideration, even if (as we have concluded) ORS 183.484 does not. The pertinent subsections of that rule provide:

> "(1)  A person entitled to judicial review under ORS 183.484 of a final order in other than a contested case may file a petition for reconsideration of a final order in other than a contested case with the agency within 60 calendar days after the date of the order. ***

> "*****

> "(5)  Within 60 calendar days after the date of the order, the agency may, on its own initiative, reconsider the final order. If a petition for judicial review has been filed, the agency must follow the procedures set forth in ORS 183.484(4) before taking further action on the order. The procedural and substantive effect of granting reconsideration under this subsection shall be identical to the effect of granting a party's petition for reconsideration.

> "(6)  Reconsideration shall not be granted after the filing of a petition for judicial review, unless permitted by the court."

Petitioner makes a single argument based on that rule, asserting that subsection (6) means that an agency may never reconsider an order after a petition for judicial review has been filed, absent permission from the court.

We reject petitioner's reading of the rule for two reasons. First, we observe that the rule addresses two distinct ways in which reconsideration may occur. Subsection (5) of the rule addresses one of those circumstances—when an agency withdraws an order for reconsideration "on its own initiative." OAR 137-004-0080(5). An agency that does so must follow the requirements of ORS 183.484(4) (which, as explained above, do not include getting permission from the court). *Id*. We understand subsections (1) and (6) of the rule to address a different circumstance—when a person entitled to judicial review of the order asks the agency to reconsider it. Under that circumstance, the agency may grant reconsideration only when the court allows. OAR 137-004-0080(6). That is the import of the word "granted" in subsection (6)— an agency can be said to "grant" reconsideration only if another person has sought reconsideration. An agency does not "grant" reconsideration to itself.

Second, ORS 183.484(4) gives agencies authority to withdraw orders for reconsideration "[a]t any time subsequent

to the filing of the petition for review and prior to the date set for hearing." Petitioner has not persuaded us that we should read OAR 137-004-0080(6) to impose a requirement on state agencies (to get judicial leave before withdrawing an order for reconsideration on their own initiative) that would narrow the authority that agencies have under ORS 183.484(4).

In sum, an agency has statutory authority to withdraw a final order in an other than contested case for reconsideration on its own initiative at any time after a petition for judicial review has been filed, as long as it does so "prior to the date set for hearing." ORS 183.484(4). Here, FOR I was a final order in an other than contested case. Accordingly, DHS was entitled to withdraw it for reconsideration even though petitioner had filed a petition for judicial review of that order and even though FOR I was, itself, an order on reconsideration. DHS did so before the date set for hearing on petitioner's summary judgment motion. DHS therefore complied with the requirements of ORS 183.484(4) in withdrawing FOR I for reconsideration.[2]

Because DHS withdrew FOR I for reconsideration before the summary judgment hearing, that order no longer had any effect, and the trial court lacked jurisdiction to review it. *Cf. D. M. v. Oregon Health Authority*, 296 Or App 397, 400, 439 P3d 576 (2019) (explaining that—in the contested-case context, in which judicial review lies in this court—"once an agency withdraws an order, there is nothing before [this court] to review"). The trial court therefore erred when it granted petitioner's summary judgment motion, which was based on her complaints about FOR I. Accordingly, we reverse the general judgment and remand for further proceedings. It follows that we must also reverse the supplemental judgment awarding petitioner attorney fees under ORS 183.497(1), as that statute allows a circuit court to award attorney fees only when it "finds in favor of the petitioner."

Reversed and remanded.

---

[2] We assume, without deciding, that the date of the summary judgment hearing was "the date set for hearing" for purposes of ORS 183.484(4).