***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 16, affirmed April 19, petition for review denied September 14, 2023 (Or 371 333)

Steven Arthur LaTULIPPE, MD,
*Petitioner,*

*v.*

OREGON MEDICAL BOARD,
*Respondent.*

Oregon Medical Board
MD22341; A177050

Stephen J. Joncus argued the cause for petitioner. Also on the reply brief was Joncus Law P. C. On the opening brief was Steven A. LaTulippe *pro se*.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

On September 2, 2021, the Oregon Medical Board issued a final order by default, revoking petitioner's medical license. Petitioner seeks judicial review. In his opening brief, petitioner assigns error to (1) the board's failure to hold a "good cause" hearing before denying his late hearing request, and (2) the board's finding that he endangered the public health and conducted himself in an unprofessional or dishonorable manner. In his reply brief, petitioner challenges the board's reconsideration order of July 7, 2022, which addresses the late hearing request. We affirm.

*Procedural history.* The board issued a complaint and disciplinary notice to petitioner on July 16, 2021. Petitioner had until August 6, 2021, to request a hearing. He did not, and the board issued a final order by default on September 2, 2021, revoking petitioner's medical license and assessing a civil penalty. On September 7, 2021, petitioner sent a letter to the board, stating that he had just returned from a seven-week trip to Arizona to visit family, that he had been unaware of the complaint and disciplinary notice until the day before when he received his mail, that he wanted to immediately petition to vacate the default order, and that he wished to retain his right to a hearing. The board responded by letter dated September 15, 2021, describing the procedural history of the case, stating that the board "does not vacate a properly issued Order," and directing petitioner to the information in the default order regarding appeal rights.

Petitioner (who was *pro se* at the time) petitioned for judicial review of the default order. He filed his opening brief in April 2022. On July 7, 2022, the board gave notice that it was withdrawing its default order "for the limited purpose of considering whether petitioner made a request for a late hearing, and if so, whether petitioner demonstrated good cause for that request." The board issued its order on reconsideration the same day. The board explained that it had understood the September 7 letter only as a motion to vacate. Assuming arguendo that it also contained a late hearing request, the board denied that request on the merits, and it affirmed the default order.

Shortly thereafter, petitioner filed a notice of intent to proceed with judicial review. He then retained counsel, who filed a reply brief on his behalf. The reply brief includes a challenge to the board's denial of the late hearing request on reconsideration.

*Failure to hold a "good cause" hearing.* When a party makes a late hearing request, the board may grant the request only if the party establishes "good cause for the failure to timely request the hearing." OAR 137-003-0528 (1)(b)(A). "If the agency or another party disputes the facts contained in the explanation of why the request for hearing is late, the agency will provide a right to a hearing on the reasons why the hearing request is late." OAR 137-003-0528(3). Petitioner contends that he was entitled to a "good cause" hearing in this case. We disagree. There is no indication that the board was even ruling on a late hearing request in its September 15 letter, let alone disputing the facts in petitioner's letter in doing so. And the board's reconsideration order states unequivocally that the board accepts the facts in petitioner's letter for purposes of ruling on the late hearing request. Petitioner was not entitled to a "good cause" hearing under OAR 137-003-0528(3). We therefore reject the first assignment of error.

*Denial of late hearing request.* In his reply brief, petitioner takes issue with the reconsideration order, specifically the board's conclusion that he did not show "good cause" for a late hearing request. That raises significant procedural issues. One is jurisdictional: The board contends that even though it "affirmed" its default order, it made more than "minor changes" regarding the late hearing request, such that petitioner needed to file an amended petition for review. *See* ORS 183.482(6) ("An amended petition for review shall not be required if the agency, on reconsideration, affirms the order or modifies the order with only minor changes."); *D. M. v. Oregon Health Authority*, 296 Or App 397, 400, 439 P3d 576 (2019) (recognizing that, when an amended petition for review is required under ORS 183.482(6), the failure to file one deprives this court of jurisdiction). The other pertains to court rules. Petitioner was entitled to file a supplemental brief if he wanted to do so. *See* ORAP 4.35(6) (on judicial review of an agency order, if the agency reconsiders its order

after the petitioner has filed an opening brief, the petitioner may proceed on the original brief or may file a supplemental brief). He did not, instead raising in his reply brief what amounts to a new claim of error regarding the board's ruling on his late hearing request in the reconsideration order. *See Federal National Mortgage Association v. Goodrich*, 275 Or App 77, 86, 364 P3d 696 (2015) ("We will not consider a ground for reversal that is raised on appeal for the first time in a reply brief.").

We disagree with petitioner's contention that those procedural issues are "technicalities" or that his previous *pro se* status is enough to overlook them. Even if we can reach the merits, however, petitioner's argument fails. For purposes of OAR 137-003-0528, "'good cause' exists when an action, delay, or failure to act arises from an excusable mistake, surprise, excusable neglect, reasonable reliance on the statement of a party or agency relating to procedural requirements, or from fraud, misrepresentation, or other misconduct of a party or agency participating in the proceeding." OAR 137-003-0501(7). Here, the board concluded that petitioner's failure to make any arrangements for the forwarding or monitoring of his mail during his seven-week absence did not qualify as an excusable mistake or excusable neglect or otherwise meet the good-cause standard. The board emphasized OAR 847-001-0050(1), which requires that licensees "must designate a mailing address on file with the Board at all times," and OAR 847-001-0050(4), which warns that notices sent to the address on file will be considered sufficient notice of disciplinary proceedings, regardless of actual notice. The board did not apply the wrong legal standard, as petitioner contends, nor did it misapply the "good cause" standard. We therefore reject petitioner's challenge to the board's denial of his late hearing request, both on procedural grounds and on the merits.

*The substance of the default order.* In his second assignment of error, petitioner challenges the substance of the board's default order. In doing so, he skims over preservation and the standard of review, without acknowledging the unique posture of a challenge to a *default* order. *See JGB Enterprises, LLC v. OLCC*, 325 Or App 326, 344-46, 529 P3d 262 (2023) (recognizing open questions as to whether, and

to what degree, a licensee may challenge an agency's final order by default, where no hearing was held on the proposed agency action). He also does not acknowledge that, at most, our review would be limited to whether the board made a *prima facie* case. *See* ORS 183.417(4) ("An order adverse to a party may be issued upon default only if a prima facie case is made on the record."). We need not address those nuances, however, because we conclude that affirmance is required here in any event.

The board revoked petitioner's medical license and imposed a $10,000 civil penalty based on eight instances of unprofessional or dishonorable conduct, 22 instances of negligence in the practice of medicine, and five instances of gross negligence in the practice of medicine. The board expressly stated that "[a]ny of Licensee's acts of unprofessional or dishonorable conduct, any single instance of Licensee's commission of gross negligence in the practice of medicine, or Licensee's repeated negligence in the practice of medicine is each individually a sufficient basis for revocation of his Oregon medical license." On judicial review, petitioner has challenged only one subset of the board's findings, specifically those relating to COVID-19 issues. The board is correct that, because it revoked petitioner's license on multiple independent grounds, its order must be affirmed. *See Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 236, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005) (explaining that, where a trial court relied on alternative bases in making a ruling, and the appellant assigns error to the ruling but does not challenge all of the bases, the appellate court "must affirm" the ruling); *Shank v. Board of Nursing*, 220 Or App 228, 237-38, 185 P3d 532 (2008) (applying same principle on judicial review of an administrative order).

Affirmed.